N. HARRIS & Co., Plaintiffs in Error, v. THEODORE TRIMBLE,
Defendant in Error.

The United States revenue act, passed June 30, 1864, and amended July
13, 1866, does not invalidate an unstamped instrument as evidence in a
State court, where the circumstances of the case relieve the party suing
thereon from the presumption that he intended to evade the internal
revenue law.

IN GENERAL TERM ON ERROR.—The defendant in error sued
to recover $622, wages for four months in 1868.    The origi-
nal petition states that the written contract of hiring had
been left with the plaintiffs in error when it was made and
executed, and was withheld by them; but the defendant in
error states that it contained an agreement that the defend-
ant in error should serve the plaintiffs in error in the capacity
of a manufacturer of tobacco for one year, and that the
plaintiff in error should pay him therefor $1,800; that he
entered the service and performed his duty faithfully till
July 11, 1868, when the plaintiffs in error, without cause,
refused to let him proceed with the work and discharged
him, and refused to pay him, to his damage, $622.80.    The
petition was filed November 21, 1868.

The plaintiffs in error set up a suit in common pleas,
which they allege contained the same subject-matter, and
which is still pending.    They also deny the indebtedness;
deny that they know of any written contract, and deny
its existence; aver that plaintiff was employed by defend-
ant at a weekly salary of $34.60, and so continued until
July 12, 1868, when he was paid in full and discharged for
incompetency.

Evidence on the part of the plaintiff below showed that
there was a written contract for a year, though the de-
fendants, Harris & Co., denied such contract, and since the

trial the defendants have found the written document and presented it with their application for a new trial, showing that it had not been stamped, as required, by the revenue laws of the United States.

*Geo. E. Pugh* and *Wm. H. Pugh*, for plaintiffs in error.

*S. A. Miller*, for defendant in error.

TAFT, J.   The new trial is claimed on two grounds:

*First*. That the contract for the year, though in writing, was not valid, because not stamped; and,

*Second*. Because the verdict was against the evidence as to the discharge, being without cause.

The second question has been decided by the jury, and we do not feel at liberty to interfere with this decision.

As to the objection that the contract was not stamped, as appears by the instrument now produced, the case falls fairly within the case of *Harper* v. *Clark*, 17 O. S. 190, where it was held that "the revenue act of Congress, passed June 30, 1864, does not invalidate an unstamped instrument required by the act to be stamped, unless the stamp be omitted with intent to evade the provisions of the act."

The circumstances of this case relieved the plaintiff from any imputation of intention to evade the stamp act, as the document was in possession of the defendants, Harris & Co., and beyond the control of the plaintiff, who had reason to suppose that it had been duly stamped.

It is not necessary to go so far as the Supreme Judicial Court of Massachusetts went, in 97 Mass. 452, in which it was held that "the provision of the United States statute of 1866, chap. 184, sec. 9—that no instrument or document not duly stamped, as required by the internal revenue laws of the United States, shall be admitted or used in evidence

in any court until the requisite stamps shall have been affixed thereto—applies only to the courts of the United States."

No question has been raised upon the alleged pendency of the action in the common pleas, nor is there evidence to show the identity of the causes of action. As that action was brought before this action accrued, it is certain that there can not be a complete identity.

The record shows no sufficient ground to set aside the judgment, which is therefore affirmed.

[Leave to file a petition in error in the Supreme Court has been refused.—EDS.]